UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KTM AG, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, <br><br> Defendants. | No. 24-cv-03278 <br><br> Judge Franklin U. Valderrama |

ORDER

Plaintiff KTM AG (KTM), a motorcycle and sports car manufacturer who owns several trademarks, sued several defendants, including Defendant Sirimotocycle (Sirimotocycle), alleging trademark infringement and counterfeiting under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), and violations of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, *et seq*. R. 1, Compl.[1] Sirimotocycle now moves to dismiss KTM's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. R. 47, Mot. Dismiss. For the reasons stated herein, the Court denies KTM's motion to dismiss.

---

[1] Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

## Background[2]

KTM is a motorcycle and sports car manufacturer, who owns U.S. Trademark Registration Nos. 3,606,168; 3,547,084; 3,440,999; and 3,436,150 for its "KTM" trademark (collectively, the KTM Trademarks). Compl. ¶ 8; R. 1-1, Exh. 1. Sirimotocycle operates an e-commerce storefront via multiple online marketplaces, including eBay.com (eBay), that sells aftermarket auto parts throughout the United States, including Illinois. *Id.* ¶ 14; Mot. Dismiss at 1. KTM sued Sirimotocycle for trademark infringement,[3] claiming Sirimotocycle has "created numerous Internet Stores and design[ed] them to appear to be selling genuine [KTM products], which includes using in commerce the "counterfeit imitations of [KTM's] registered Trademarks." *Id.* ¶ ¶ 4, 27. KTM has not authorized or licensed Sirimotocycle to utilize its KTM Trademarks. *Id.* ¶ 7. KTM further alleges that Sirimotocycle has "sold, offered to sell, marketed, distributed and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with" KTM Trademarks without KTM's permission. *Id.* ¶ 28. As a result of these alleged actions, KTM contends that Sirimotocycle's use of the KTM Trademarks "is likely to cause and has caused confusion . . . among consumers." *Id.* ¶ 25.

KTM filed and the Court granted a Motion for Entry of a Temporary Restraining Order (TRO). R. 27, 28. KTM subsequently filed, and the Court granted a Motion for Entry of a Preliminary Injunction. R. 39. Sirimotocycle now moves to

---

[2]The Court accepts as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of KTM. *St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016).

dismiss KTM's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The fully briefed motion is before the Court.

## Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## Discussion

To state a clam for trademark infringement under the Lanham Act, a plaintiff must allege that (1) its mark is protectable; and (2) the defendant's use of the trademark is likely to cause confusion among consumers. *SportsFuel, Inc., v. PepsiCo, Inc.*, 932 F.3d 589, 595 (7th Cir. 2019). Sirimotocycle does not argue that KTM fails to plausibly allege it has a protectible mark or that it fails to sufficiently allege that

Sirimotocycle's use of the trademark is likely to cause confusion among consumers. Instead, Sirimotocycle argues that its use of the word "KTM" constitutes "fair use," and as such, asserts that KTM fails to allege a claim under the Lanham Act or Illinois law. Mot. Dismiss at 2–3. Alternatively, Sirimotocycle posits that its use constitutes "nominative fair use" of the KTM Trademarks. *Id*. at 7–9.

The Lanham Act provides several affirmative defenses to a plaintiff's claims, including the "fair use" defense. *See* 15 U.S.C. § 1115(b). The "fair use" defense is an affirmative defense that "allows individuals to use otherwise trademarked language in a descriptive sense." *SportsFuel, Inc.*, 932 F.3d at 595. To prevail on this affirmative defense, Sirimotocycle must show that (1) it did not use "KTM" as a trademark, (2) the use is descriptive of its goods, and (3) it used the mark fairly and in good faith. *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 639 (7th Cir. 2001). The "fair use" defense "involves fact-intensive determinations inappropriate for the motion to dismiss stage." *Trademark Rightsholder v. Individual, P'ships, & Unincorporated Ass'ns*, 2024 WL 4382195, at *5 (N.D. Ill. Oct. 2, 2024) (citing *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d, 687, 690 (7th Cir. 2012) (the fair use defense "typically turn[s] on facts not before the court at [the motion to dismiss] stage in the proceeding."). The Seventh Circuit has instructed that dismissing a claim based on an affirmative defense "is appropriate only when the factual allegations of the complaint unambiguously establish all of the elements of the offense." *S.C. Johnson & Son, Inc., v. Nutraceutical Corp.*, 835 F.3d 660, 666 (7th Cir. 2016).

4

KTM counters that determining whether Sirimotocycle engaged in fair use and/or nominative fair use involves an intensive fact inquiry and therefore "neither defense provides a basis for a Rule 12(b)(6) dismissal." Mot. Dismiss at 6. KTM further argues that Sirimotocycle "has not identified any language in the complaint that allegedly admits all the ingredients/elements of a fair use or nominative fair use defense." R. 51, Resp., at 6.

The Court agrees with KTM that the merits of Sirimotocylce's defenses are issues of fact that cannot be resolved at the motion to dismiss stage. *Thompson v. Ill. Dept. of Prof. Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Additionally, the Court agrees that KTM's complaint does not admit all the allegations of the fair use or nominative fair use, and therefore KTM has not pled itself out of court.

Turning to Sirimotocycle's nominative fair use argument, "[u]nder the nominative fair use defense, a defendant is protected from trademark infringement claims when the defendant uses the plaintiff's trademarks to refer to the plaintiff's goods or services in a non-confusing manner." *Americash Loans, LLC v. AO Ventures, LLC*, 2009 WL 743010, at *4 (N.D. Ill. Mar. 19, 2009). "To assert the nominative fair use defense, the alleged infringer must show that: 1) the product in question is not readily identifiable without use of the trademark; 2) only so much of the mark is used as reasonably necessary to identify the product; and 3) the user of the mark did nothing that would suggest sponsorship by the trademark holder." *Slep-Tone Entm't*

*Corp. v. Coyne*, 41 F. Supp. 3d 707, 717 (N.D. Ill. 2014) (cleaned up).[4] The Seventh Circuit has yet to address the "nominative fair use" defense. Indeed, the only Circuit to have recognized this defense is the Ninth Circuit. *Id*. No matter, assuming such a defense exists in the Seventh Circuit, it would constitute an affirmative defense. *See Reis Robotics, USA, Inc. v. Concept Indus. Inc.*, 462 F.Supp. 2d 897, 906 (N.D. Ill. 2006) ("The concept of an affirmative defense under Rule 8(c) requires a responding party to admit a complaint's allegations but then permits the responding party to assert that for some legal reason it is nonetheless excused from liability.") (cleaned up). And for the same reasons that apply to the "fair use" defense, the Court finds dismissing KTM's complaint on this basis premature at this stage. Further, KTM's complaint does not admit to all the ingredients of the "nominative fair use" defense. "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Accordingly, the Court denies Sirimotocycle's motion to dismiss on this basis.

## Conclusion

For the foregoing reasons, the Court denies Defendant Sirimotocycle's Motion to Dismiss. R. 47. By April 21, 2025, the parties shall file a Joint Initial Status Report. A template for the Joint Initial Status Report, setting forth the information required,

---

[4]This Order uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

may be found at http://www.ilnd.uscourts.gov/Judges.aspx by clicking on Judge Valderrama's name and then again on the link entitled 'Joint Initial Status Report. The parties are further ordered to review all of Judge Valderrama's standing orders and the information available on his webpage. Any nongovernmental corporate party that qualifies under the Rules is reminded of the requirement to file a disclosure statement under Federal Rule of Civil Procedure 7.1/N.D. Ill. Local Rule 3.2.

Date: March 31, 2025

_____
United States District Judge
Franklin U. Valderrama